# SEUNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CYNTHIA LOPEZ,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil Action No.:** |
| | ) |
| **DENMAR SERVICES INC. and** | )   **DEMAND FOR JURY TRIAL** |
| **M1 SUPPORT SERVICES, L.P.,** | ) |
| | ) |
|     **Defendants.** | ) |

## COMPLAINT

## INTRODUCTION

1. This is an action for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000(e) et. seq. (Title VII). The Plaintiff requests a trial by jury of all issues so triable to a jury.

## PARTIES

2. At all relevant times herein, the Plaintiff, Cynthia Lopez (Plaintiff or Ms. Lopez) has been an Alabama resident over age 19 and was an employee for purposes of Title VII, 42 U.S.C. 2000e.

3. DenMar Services Inc. ("DenMar") is an Oklahoma corporation, registered to do business in the State of Alabama. Upon information and belief, DenMar is engaged in commerce in Alabama and does business in Dale County, Alabama where it employed or jointly employed the Plaintiff. It employs more than

15 people and is an employer for purposes of Title VII, 42 U.S.C. 2000e and all purposes herein.

4. M1 Support Services, L.P. ("M1") is a Texas limited partnership, registered to do business in the State of Alabama. Upon information and belief, M1 is engaged in commerce in Alabama and does business in Dale County, Alabama where it employed or jointly employed the Plaintiff. It employs more than 15 people and is an employer for purposes of Title VII, 42 U.S.C. 2000e and all purposes herein.

5. M1 is a joint employer with DenMar because the two entities are highly integrated with respect to operations; M1 exerts substantial control over the terms and conditions of DenMar employees, including through direct supervision (e.g., by M1 employee Lee Tharp), performance appraisals that evaluate "M1 Core Values," disciplinary processes based on "M1 Work Rules," and email signatures/domains identifying DenMar employees as part of M1; and M1 initiated and participated in the investigation leading to Plaintiff's discipline by providing photos, coordinating interviews, and scheduling related activities

## JURISDICTION AND VENUE

6. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. 2000e.

7.    DenMar Support Services Inc. employed the Plaintiff in Dale County, Alabama where the events or omissions giving rise to the Plaintiff's claims occurred.

8.    M1 employed Lee Tharp in Dale County, Alabama. Lee Tharp was Plaintiff's supervisor at the time of the events set forth below.

## ADMINISTRATIVE PREREQUISITES

9.    Plaintiff timely filed her charge of discrimination for each employer with the Equal Employment Opportunity Commission on August 30, 2024.

10.    The EEOC Dismissal and Notice of Rights as to DenMar was issued and received by the Plaintiff through counsel on September 11, 2025.

11.    The EEOC Dismissal and Notice of Rights as to M-1 was issued and received by the Plaintiff through counsel on November 17, 2025.

12.    This Complaint is filed within ninety (90) days of Plaintiff's receipt of her Notice of Rights as to each employer named as a defendant herein.

## STATEMENT OF FACTS

13.    Plaintiff began working for M1 Support Services approximately ten (10) years ago.

14.    Approximately five (5) years ago DenMar became Plaintiff's employer but there was no change in her position or duties. The only change was that her pay came from DenMar rather than M1.

15. Plaintiff was employed as a Records Specialist by M1, then DenMar. She consistently received positive evaluations and had never received any type of discipline prior to the discipline which is the subject of this complaint.

16. On June 5, 2024, Plaintiff complained to Human Resources about her male supervisor, Lee Tharp (an M1 employee), alleging that he was unprofessional and sexist, and detailing incidents of how he mistreated her and other female employees in the workplace.

17. Plaintiff included her name and phone number in the complaint and affirmed that she did not want it to be anonymous when contacted by HR.

18. On June 24, 2024, Plaintiff was interviewed by M1 Human Resources regarding her complaint, with a DenMar HR representative attending via telephone.

19. On or about June 26, 2024, other employees were called into HR regarding Plaintiff's complaint (and a similar complaint by Lisa Beasley).

20. On July 15, 2024, Ellis Story, an employee of M1's Human Resources Department, notified Plaintiff by phone that there was not sufficient evidence to substantiate her complaint or take action on it.

21. On July 1, 2024, (approximately 30 days after Plaintiff's complaint and 4 days after interviews of other employees regarding the complaint) management "discovered" photos from an April 5, 2024, off-duty bachelorette party where a "rage room" activity took place that included a picture of Lee Tharp.

22. Both DenMar and M1 were involved in the disciplinary process.

23. M1 provided the photos, initiated the investigation, and coordinated the interviews.

24. Approximately 20 pictures were posted on social media by Julie Gordy (a DenMar employee), including all participants, but only Plaintiff and Lisa Beasley (another female who filed a complaint about Tharp on May 30, 2024, which appears to have been investigated jointly with Plaintiff's complaint) were investigated and severely disciplined.

25. Plaintiff did not host the party, did not put the pictures of Mr. Tharp in the rage room, and was merely one of approximately five employees of DenMar present at the off-site event. The event was non-threatening and intended as humorous.

26. Plaintiff was terminated on August 5, 2024.

27. Through a grievance appeal the discipline was reduced and Plaintiff was removed from her lead Records Specialist position, transferred to a different airfield on a different shift and had her pay reduced by $6.00 per hour.

28. Jo Elliott, who confessed to bringing Tharp's pictures and participating, received no demotion, pay reduction, transfer, or shift change.

29. Julie Gordy and Marissa Kirland, who participated and whose photos were posted, received no investigation or discipline.

30. Plaintiff believes she was singled out and subjected to more severe discipline because of her sex and because she complained about sex-based mistreatment by her supervisor, Lee Tharp.

31. Male employees and employees who did not complain about sex discrimination were not disciplined for the same or similar conduct.

## COUNT ONE
## TITLE VII – SEX DISCRIMINATION

32. Plaintiff realleges and incorporates by reference the factual allegations contained in paragraphs 5 and 13 through 31 as if fully set forth herein.

33. Title VII of the Civil Rights Act of 1964, as amended, states that "no employer shall fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).

34. The Defendants engaged in unlawful sex discrimination and violated Title VII as follows:

> (a) by ignoring multiple complaints of sexual discrimination and harassment by male supervisor Lee Tharp;
>
> (b) by targeting females, including Plaintiff, who complained about workplace harassment for discipline; and

(c) by demoting, transferring and reducing the pay of females, including Plaintiff, who objected to Lee Tharp's behavior.

35. As a proximate result of the foregoing acts and omissions of the Defendant, the Plaintiff has suffered damages including, but not limited to, loss of earnings, benefits, and other pecuniary loss as well as severe emotional and mental distress, anguish, humiliation, embarrassment and anxiety.

36. Defendant's conduct was willful, malicious, intentional and in conscious disregard of Plaintiff's rights and the law and therefore justifies an award of punitive and exemplary damages in an amount to be determined at trial.

37. As a result of the Defendant's acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by law, including but not limited to compensatory damages, punitive damages and attorneys' fees.

WHEREFORE, the Plaintiff prays that judgment be entered in her favor and against the Defendant herein for all such damages which are allowed by law to redress the wrong committed in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000(e) et. seq. Such damages include, but are not limited to, mental anguish and suffering, back pay, front pay, and attorney fees. Additionally, Plaintiff seeks punitive damages in an amount sufficient to punish Defendants for their egregious behavior and deter Defendants from engaging in such behavior in the future.

## COUNT TWO
## TITLE VII – RETALIATION

38.     Plaintiff realleges and incorporates by reference the factual allegations set forth in paragraphs 5 and13 through 31 as if fully set forth herein.

39.     Ms. Lopez engaged in protected activity under Title VII when she complained to Human Resources on or about May 30, 2024, about sex-based mistreatment by supervisor Lee Tharp and by participating in protected activity under that statute.

40.     As a result of engaging in protected activity, the Defendants retaliated against Ms. Lopez causing her to suffer adverse employment actions including termination (later reduced), transfer, shift change, and pay reduction.

41.     A causal connection exists between Plaintiff's protected activity and the adverse actions.

42.     Defendants' stated reasons for the adverse actions are pretext for unlawful retaliation.

WHEREFORE, the Plaintiff prays that judgment be entered in her favor and against the Defendant herein for all such damages which are allowed by law to redress the wrong committed in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000(e) et. seq. Such damages include, but are not limited to, mental anguish and suffering, back pay, front pay, and attorney fees. Additionally, Plaintiff seeks punitive damages in an amount sufficient to punish

8

Defendants for their egregious behavior and deter Defendants from engaging in such behavior in the future.

## **EQUITABLE PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, in addition to the above claimed legal remedies, also prays for a declaratory judgment holding that the actions of the Defendants, described above, violated and continue to violate the rights of the Plaintiff as secured by the respective federal statutes and that a permanent injunction enjoining the Defendants, their agents, affiliates, successors, employees, attorneys and those acting in concert with the Defendants and on the Defendants' behalf from continuing to violate such laws and for such other and equitable relief as appropriate, including reinstatement.

Respectfully submitted this 5th day of December 2025.

s/ *Ashton H. Ott*
Ashton Ott (ASB-7085-E58A)
FARMERPRICE LLP
100 Adris Place
Dothan, Alabama 36303
Tel:  (334)793-2424
Fax:  (334)793-6624

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY
ON ALL ISSUES TRIABLE TO A JURY.**

s/ *Ashton H. Ott*
Ashton Ott

**SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

**DENMAR SERVICES INC.**
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

**M1 SUPPORT SERVICES L.P.**
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104